## UNITED STATES v. SCHNEIDERMAN et al.

Cr. No. 22131.

United States District Court,
S. D. California, Central Division.

Aug. 18, 1952.

See also D.C., 106 F.Supp. 892.

Walter S. Binns, U. S. Atty., Norman Neukom, Asst. U. S. Atty., Ray H. Kinnison, Asst. U. S. Atty., Los Angeles, Cal., Lawrence K. Bailey, Sp. Asst. to Atty. Gen., for plaintiff.

Ben Margolis, Los Angeles, Cal., for defendants Oleta O'Connor Yates, Mary Bernadette Doyle, and Albert Jason Lima.

Norman Leonard, San Francisco, Cal., for defendants Loretta Starvus Stack, Ernest Otto Fox, also known as Ernest

942

Otto Fuchs, and Frank Carlson, also known as Solomon Szkolnick.

Leo A. Branton, Jr., Los Angeles, Cal., for defendants Henry Steinberg, Ben Dobbs, also known as Benjamin Isgur, and Carl Rude Lambert.

A. L. Wirin, Los Angeles, Cal., for defendants Al Richmond, also known as Abraham Richman, Rose Chernin Kusnitz, and Frank Efroim Spector.

Alexander H. Schullman, Los Angeles, Cal., for defendants Philip Marshall Connelly and Dorothy Healey Connelly, charged as Dorothy Rosenblum Healey.

MATHES, District Judge.

Fourteen defendants herein stand convicted by verdict of the jury of the crime of conspiring to commit offenses against the United States, 18 U.S.C. § 371, prohibited by the Smith Act, 54 Stat. 670 (1940); 18 U.S.C. (1946 ed.) § 10; id. (1948 ed.) § 2385, "by (1) wilfully * * * advocating and teaching the duty and necessity of overthrowing the Government of the United States by force and violence * * * and by (2) wilfully * * * helping to organize as the Communist Party of the United States of America * * * persons who teach and advocate the overthrow * * * of the Government of the United States by force and violence, with the intent of causing the * * * overthrow * * * of the Government * * * by force and violence as speedily as circumstances would permit."

Following denial of their motions for judgment of acquittal, Fed.Rules Crim.Proc. rule 29(b), 18 U.S.C.A., and their motions in arrest of judgment, Fed.Rules Crim.Proc. rule 34, and for a new trial, Fed.Rules Crim. Proc. rule 33, sentence was imposed.

The defendants thereupon filed their notices of appeal and moved that they be enlarged upon bail pending appeal. Fed.Rules Crim.Proc. rule 46(a) (2).

■ Rule 46(a) (2) of the Federal Rules of Criminal Procedure declares that "Bail may be allowed pending appeal * * * only if it appears that the case involves a substantial question which should be determined by the appellate court."

Thus a defendant "who has been found guilty * * * has no absolute right to bail pending appeal; he has a right only to apply for bail". Baker v. United States, 8 Cir., 1944, 139 F.2d 721, 722; cf. Stack v. Boyle, 1951, 342 U.S. 1, 18, 72 S.Ct. 1; Stack v. Boyle, 9 Cir., 1951, 192 F.2d 56.

■ And Rule 46(a) (2) in effect states that bail may be allowed by the trial court pending appeal only if the trial judge can find and represent to the Court of Appeals "that the case involves a substantial question which should be determined by the appellate court." See Williamson v. United States, 2 Cir. 1950, 184 F.2d 280, 281-282 n. 4; D'Aquino v. United States, 9 Cir., 1950, 180 F.2d 271, 272; United States v. Barbeau, D.Alaska 1950, 92 F.Supp. 196, 202, affirmed, 9 Cir. 1951, 193 F.2d 945.

Upon the hearing, after adverting to the view just expressed that to grant bail pending appeal would be tantamount to a certification by the trial judge "that the case involves a substantial question which should be determined by the appellate court," and after discussing with counsel differences of opinion as to an appropriate amount of security to be required in the event the motion should be granted, I denied the motion.

The defendants thereupon presented their petition for bail to the Court of Appeals. An order has now been received from the appellate court which concludes: "The District Court having stated that the appellants are entitled to bail should exercise its discretion and fix the amounts. The cause is remanded for that purpose."

The order recites at the outset that the defendants' application to the District Court was "refused * * * upon the ground that the existence of a difference of opinion as to bail between the Judge of the District Court and * * * Court of Appeals made it advisable that the District Court deny bail and that the application be made direct to the Court of Appeals." [A copy of the order of the Court of Appeals is included as an appendix hereto.]

With all deference I must say the motion for bail pending appeal was not denied by me upon the ground stated in the order of the Court of Appeals, but upon the ground that I then was—and still am—unable to perceive in the case any "substantial question which should be determined by the ap-

pellate court." Indeed it is my view that every substantial question presented in the case has already been determined in Dennis v. United States, 1951, 341 U.S. 494, 71 S.Ct. 857, 95 L.Ed. 1137; United States v. Dennis, 2 Cir., 1950, 183 F.2d 201.

However I hasten to apologize to the Court of Appeals for the inexact language employed in colloquy with counsel shortly prior to announcing the ruling. It is a matter of embarrassment to realize that lack of precision in phrasing my comments to counsel led the Court of Appeals to consider that I had denied the motion for bail—not because under the rule I could grant it only if there existed in the case "a substantial question which should be determined by the appellate court"—but because of "the existence of a difference of opinion as to bail * * *."

By way of explanation, not of justification, for the ambiguity in the record, I should direct attention to the earlier argument and the trial court's comments as to the existence of a substantial question which alone, as Rule 46(a) (2) states, would warrant the granting of bail pending appeal. Then followed some statements of counsel as to the amount which should be fixed in the event bail should be granted, which in turn led to the confusing colloquy as to proper amount which immediately preceded the denial of the motion.

The Court of Appeals has expressed in its order the belief "that a determination of the District Court of the amount of bail that should be fixed for each appellant would be of great assistance" to the appellate court in the event the appellate court is ultimately called upon to make such a decision.

Although I construe this suggestion as a mandate, a feeling of diffidence enswathes my response. The evidence in this case is convincing that, as functionaries of the Communist Party, the defendants are not free to determine whether or where they shall go; but their comings and goings are, as the Government contends, subject to superior authority within the party and the rigid discipline of the party. See Dennis v. United States, supra, 341 U.S. at page 498, 71 S.Ct. 857.

For the reasons stated in United States v. Schneiderman, S.D.Cal.1951, 102 F.Supp. 52 and in United States v. Spector, S.D. Cal.1951, 102 F.Supp. 75, cf. Spector v. United States, 9 Cir., 1952, 193 F.2d 1002, it was my opinion, in the light of the evidence touching upon the criteria which Rule 46(c) commands the court to consider, that no less an amount than $50,000 security for the bail as to each defendant would "insure the presence" at the trial.

As Chief Judge Denman observed upon reversing orders by me denying motions of the defendants to reduce bail of $50,000 fixed pending trial, "The situation of persons bailed after trial is unlike that of those on bail awaiting trial." Spector v. United States, supra, 193 F.2d at page 1007.

■ The defendants today stand convicted of the charge and face the maximum punishment which the law provides for the offense. So the amount of bail to be fixed pending appeal, in the event the Court of Appeals sees fit to grant the pending application, must be such security as "will insure the presence of the defendant," within the meaning of Rule 46(c), to serve the sentence if and when the conviction is affirmed.

■ Contributing largely to the immensity of the risk as I view it is the circumstance that each defendant is subject to Communist Party discipline, and the added circumstance that persons may freely cross the border into the Dominion of Canada and likewise into the Republic of Mexico, coupled with the further circumstance that the provisions of our extradition treaties with those neighboring countries are such as to render it highly doubtful whether any of the convicted defendants could be extradited from either Mexico or Canada. See United States v. Schneiderman, supra, 102 F.Supp. at page 67–72; United States v. Spector, supra, 102 F.Supp. at page 83–85. In this connection, it should be noted that the defendants do not advance any contention that they would be subject to extradition from either Canada or Mexico to suffer punishment for the offense of which they stand convicted here.

Under all the circumstances, then, I am of the opinion that in this case, as to each of the defendants, there is no amount which

"will insure the presence of the defendant" to serve the sentence; that in this case, following conviction, to borrow the words of Blackstone, "the public is entitled to demand nothing less than the highest security that can be given, viz., the body of the accused, in order to insure that justice shall be done upon him * * *. Such persons, therefore * * * have no other sureties but the four walls of the prison." 4 Bl. Comm. *298; see also United States v. Schneiderman, supra, 102 F.Supp. at page 72-73.

It is respectfully requested that the Court of Appeals accept the foregoing as a sufficient compliance by the District Court with the order of the Court of Appeals filed August 15, 1952 in cause No. 13,480 entitled "Yates, et al., Appellants v. United States of America, Appellee."

## APPENDIX
## UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

YATES, et al.,
　　　　　Appellants,
　　v.　　　　　　　　　　No. 13,480
UNITED STATES OF AMERICA,　　ORDER
　　　　　Appellee.

Petition for bail pending appeal.

Before DENMAN, Chief Judge, ORR, Circuit Judge, and DRIVER, District Judge.

We are asked to admit to bail each of the above named appellants and fix the amount thereof.

Application for bail was made to the trial court and refused by it upon the ground that the existence of a difference of opinion as to bail between the Judge of the District Court and this Court of Appeals made it advisable that the District Court deny bail and that the application be made direct to this Court of Appeals.

We are advised that the trial of this case consumed some six months time and the record thereof consists of some 14,000 pages. We recognize that knowledge of this case possessed by the District Judge who presided over the trial is, at this time, much more extensive than ours. We, therefore, believe that a determination by the District Court of the amount of bail that should be fixed for each appellant would be of great assistance and help to this court in determining that question in the event this court is ultimately called upon to make such a decision. The District Court, because of its familiarity with the record, has greater knowledge, at the present time, as to whether the evidence discloses that varying amounts should be required of different individuals because of the probabilities that one individual would have more incentive and reason not to surrender himself or herself in execution of a judgment than another.

The District Court having stated that the appellants are entitled to bail should exercise its discretion and fix the amounts. The cause is remanded for that purpose.

WILLIAM DENMAN
Chief Judge
WILLIAM E. ORR
Circuit Judge
SAM M. DRIVER
District Judge.