## YATES *v.* UNITED STATES.

No. 841.   Decided May 5, 1958.

*Ben Margolis* and *Leo Branton, Jr.* for petitioner.

*Solicitor General Rankin, Assistant Attorney General Tompkins* and *Philip R. Monahan* for the United States.

PER CURIAM.

This case has a long history, the course of which must be summarized for understanding of the Court's disposition.  · On July 26, 1951, petitioner was arrested for conspiracy to violate the Smith Act, 18 U. S. C. §§ 371, 2385, and was released on furnishing $7,500 bail.   On the following day bail was increased to $50,000 pending transfer of the proceedings to a different city and petitioner was recommitted.   On August 2 petitioner was arraigned, and several days later bail was set at $25,000.   Petitioner's

writ of habeas corpus seeking a reduction of bail was dismissed. The district judge who had fixed bail was disqualified, see *Connelly* v. *United States District Court,* 191 F. 2d 692, and the district judge whose sentence is now under review was assigned to the case. On motion of the Government, the court increased bail to $50,000 on August 30; petitioner's motion to reduce bail and her petition for a writ of habeas corpus were denied; on review of the denial of habeas corpus, the Court of Appeals affirmed, *Stack* v. *Boyle,* 192 F. 2d 56. This Court, however, found that bail had "not been fixed by proper methods" and remitted the case for the proper remedy of a motion to reduce bail, *Stack* v. *Boyle,* 342 U. S. 1, 7. The District Court denied such motion by petitioner, *United States* v. *Schneiderman,* 102 F. Supp. 52; on appeal, the Court of Appeals ordered bail set at $10,000. *Stack* v. *United States,* 193 F. 2d 875. Shortly thereafter, on December 10, 1951, petitioner, having been found to have been improperly confined since August 30 of that year, was released on bail.

The trial under the conspiracy indictment began on February 5, 1952. Testifying in her own defense, petitioner on cross-examination on June 26 refused to answer four questions about Communist membership of other persons; she was adjudged guilty of civil contempt and committed to jail until the contempt had been purged. On June 30 she refused to answer eleven questions about Communist membership of other persons; the court announced its intention to treat these refusals as criminal contempt. At the conclusion of the trial petitioner was found guilty of conspiracy to violate the Smith Act and was sentenced to serve five years' imprisonment and to pay a $10,000 fine. The District Court denied bail pending appeal of the conspiracy conviction; on application to the Court of Appeals to fix bail, the case was remanded to the District Court, which again denied bail. *United*

*States* v. *Schneiderman,* 106 F. Supp. 941. The Court of Appeals then fixed bail at $20,000, and on August 30 petitioner, upon furnishing that amount, was released from custody, having been in jail since June 26. The conspiracy conviction was later affirmed by the Court of Appeals, 225 F. 2d 146, but reversed by this Court, 354 U. S. 298. The indictment was eventually dismissed on motion of the Government.

Petitioner had in the meantime, on August 8, 1952, been adjudged guilty of eleven criminal contempts for her eleven refusals to answer on June 30, and she was sentenced by the District Court to eleven one-year terms of imprisonment, to run concurrently and to commence upon the completion of petitioner's imprisonment for the conspiracy. It is as to this sentence that review is sought here today.

On September 3, 1952, four days after petitioner's release from custody, the District Court ordered her recommitted on the civil contempt arising out of the four refusals to answer on June 26. 107 F. Supp. 408. The District Court denied her application for bail pending appeal, but the Court of Appeals granted it, and she was released two days after her commitment; the Court of Appeals subsequently reversed the recommitment order of the District Court on the ground that petitioner should not have been reconfined for civil contempt after the close of the main trial. 227 F. 2d 844. Two days after her release on bail, on September 8, petitioner was adjudged guilty of criminal contempt for the four June 26 refusals and sentenced to four three-year terms of imprisonment, to run concurrently. 107 F. Supp. 412. Petitioner was then reconfined; the District Court denied her bail pending appeal, but the Court of Appeals granted it, and she was released on bail three days after her recommitment. The Court of Appeals subsequently reversed this contempt judgment because of the District Court's failure

to give any notice that it intended to regard the June 26 refusals as criminal contempts, 227 F. 2d 848.

Petitioner appealed her conviction of criminal contempt for the eleven refusals to answer on June 30; the Court of Appeals affirmed. 227 F. 2d 851. This Court held that there was but one contempt, not eleven, and that a sentence for only one offense could be imposed. Accordingly, we vacated the one-year sentence for that one conviction and remanded the case to the District Court for determination of a new sentence appropriate in view of our setting aside of the punishment for eleven offenses when in fact only one was legally established. 355 U. S. 66. On remand, the District Court, after hearing, resentenced petitioner to one year's imprisonment. The court denied petitioner bail pending appeal; the Court of Appeals ordered her admitted to bail in the amount of $5,000, 252 F. 2d 568, and she was released after fifteen days' confinement. The Court of Appeals affirmed the judgment of the District Court, noting that the sentence was "severe." *Ibid.*

Reversing a judgment for contempt because of errors of substantive law may naturally call for a reduction of the sentence based on an extent of wrongdoing found unsustainable in law. Such reduction of the sentence, however, normally ought not be made by this Court. It should be left, on remand, to the sentencing court. And so, when this Court found that only a single offense was committed by petitioner, and not eleven offenses, it chose not to reduce the sentence but to leave this task, with gentle intimations of the necessity for such action, to the District Court. However, when in a situation like this the District Court appears not to have exercised its discretion in the light of the reversal of the judgment but, in effect, to have sought merely to justify the original sentence, this Court has no alternative except to exercise its supervisory power over the administration of justice in

the lower federal courts by setting aside the sentence of the District Court.

Although petitioner's conviction under the Smith Act, the substantive offense out of which this subsidiary matter arose, was reversed on appeal and the indictment itself dismissed on motion of the Government, she has in fact spent seven months in jail in the course of these proceedings. Not unmindful of petitioner's offense, this Court is of the view, exercising the judgment that we are now called upon to exercise, that the time that petitioner has already served in jail is an adequate punishment for her offense in refusing to answer questions and is to be deemed in satisfaction of the new sentence herein ordered formally to be imposed. Accordingly, the writ of certiorari is granted, and the judgment of the Court of Appeals is vacated and the cause remanded to the District Court with directions to reduce the sentence to the time petitioner has already been confined in the course of these proceedings.

*It is so ordered.*

THE CHIEF JUSTICE, MR. JUSTICE BLACK, and MR. JUSTICE DOUGLAS concur in the result for reasons set out in their dissents in *Yates* v. *United States,* 355 U. S. 66, 76, and *Green* v. *United States,* 356 U. S. 165, 193, but under constraint of the Court's holdings in those cases they acquiesce in the opinion here.

MR. JUSTICE CLARK, with whom MR. JUSTICE BURTON and MR. JUSTICE WHITTAKER concur, dissenting.

It is for us to say whether the one-year sentence was improper rather than to pass on the adequacy of time already served on other judgments. Petitioner has served but 15 days on this sentence, and I therefore dissent from the judgment releasing her.