**Joseph H. WAGSTAFF, Appellant,**
**v.**
**UNITED STATES of America,**
**Appellee.**
**No. 8893.**

United States Court of Appeals
Tenth Circuit.
Dec. 21, 1966.

445

Howard C. Allman, Oklahoma City, Okl., for appellant.

William T. Thurman, U. S. Atty., and H. Ralph Klemm, Asst. U. S. Atty., for appellee.

Before BREITENSTEIN and SETH, Circuit Judges, and KERR, United States District Judge.

KERR, District Judge.

This is an appeal from the order of the trial court denying appellant's motion for relief under 28 U.S.C. Section 2255. In his motion to vacate, amend or correct sentence appellant attempted to have the sentence imposed upon him by the District Court for the District of Utah modified to credit him for time served in jail prior to trial because he was unable to post bail which he alleged was excessive. The trial court denied the motion without a hearing, stating that it was "wholly devoid of merit on its face as a matter of law." By letter, which is part of the record, the District Judge more fully explained that among the reasons for denying appellant's motion "were that the matter of bail complained of before the court pronounced judgment and sentence was among the circumstances considered by the court in pronouncing judgment, did not involve any unconstitutional detention, and in no sense came within the circumstances or principles involved in Yates v. United States, 356 U.S. 363 [78 S.Ct. 766, 2 L.Ed.2d 837] (1958) * * *." Appellant claims that the trial court thus violated his right to reasonable bail as guaranteed by the Eighth Amendment to the Constitution.

On or about September 6, 1954, appellant was arrested and charged with robbery of a federally insured bank. Bail was set at $30,000.00. Appellant was subsequently indicted by the Grand Jury on three counts for violation of the provisions of 18 U.S.C. Section 2113. He was duly arraigned in the United States District Court for the District of Utah on October 7, 1954, and to each of the three counts contained in the indictment, he entered a plea of not guilty. Appellant's motion at the arraignment for a reduction of the $30,000.00 bail was denied without prejudice.

In November 1954, appellant's counsel filed another motion to reduce bail, which motion was again denied by the trial court. On appeal to this court bail was reduced to $15,000.00.[1] Consequently, appellant posted bail and was released on or about December 10, 1954. He complains that he served 96 days in custody before his bail was reduced and he was released.

Upon the trial of the case, the jury returned a verdict of guilty against appellant on all three counts and he was sentenced on April 7, 1955, to serve ten years on Count One, ten years on Count Two, and twelve years on Count Three, the sentences to run concurrently. Direct appeal was taken to this court and was dismissed pursuant to stipulation on December 7, 1955. Appellant began serving his sentence on or about December 5, 1955, was released on parole on August 30, 1960, and was reconfined in the United States Penitentiary at McNeil Island, Washington, on or about February 19, 1963, as a parole violator. He is presently confined in said penitentiary serving the twelve year sentence on Count Three, the two shorter sentences having been vacated on October 8, 1963.

In October 1964, appellant filed a petition under 28 U.S.C. Section 2255 to

1. Wagstaff v. United States of America, 10 Cir., 218 F.2d 608, order without opinion.

vacate the sentence, raising the issue of his identity as the perpetrator of the crime. His petition was denied by the United States District Court for the District of Utah, which was affirmed by the United States Court of Appeals for the Tenth Circuit on October 11, 1965.[2]

Appellant predicates his present motion to vacate, amend, or correct the sentence imposed on him on the ground that the bail set by the District Court was so excessive as to infringe his constitutional rights; that under the holding of Yates v. United States, 356 U.S. 363, 78 S.Ct. 766, 2 L.Ed.2d 837, he is entitled to a modification of sentence to allow him credit towards serving his twelve year sentence for the time he was held in custody due to excessive bail, and to allow him credit for the time spent serving sentences ultimately dismissed, in full "satisfaction of the judgment and sentence ultimately imposed."[3]

■ Appellant is not entitled to relief for the time he was imprisoned on counts one and two which were vacated by the trial judge on October 8, 1963. The ten year sentence on Count One, the ten year sentence on Count Two, and the twelve year sentence on Count Three were imposed on April 7, 1955, and were to run concurrently; the sentences on Counts One and Two were not void, excessive or oppressive; appellant was not resentenced on Count Three; and 18 U.S.C. Section 2113 placed a statutory limit on the court's sentencing power. The thrust of *Yates* is not applicable to this situation. Appellant is not entitled to credit for time served under Counts One and Two, for, during that time he was simultaneously serving the sentence imposed under Count Three which was allowed to stand and which he is still serving. This does not amount to unconstitutional detention.

■ The pivotal question in this appeal is whether the twelve year sentence imposed on Count Three of the indictment violated appellant's constitutional rights under the Eighth Amendment, and whether this court must amend or correct said sentence and credit appellant for the time he served in jail prior to trial while he was unable to post the $30,000.00 bail. Appellant does not assert a statutory right to the credit he seeks,[4] but relies solely on the *Yates* and *Short* cases.[5] The impact of *Yates* on this issue is not passed upon by this court for the reason that the factual situation is totally dissimilar and for the further reason that the trial court gave due consideration to the time served by appellant in prison before he was able to provide the bail after it was reduced by this court.

Section 2113(d) of Title 18 United States Code does not contain a mandatory minimum sentence, and the sentencing judge is at liberty to give credit for time spent in custody prior to sentencing for want of bail[6] or due to excessive bail. Admittedly the judgment and sentence of the United States District Court did not expressly allow appellant such

---

2. Wagstaff v. United States of America, D.C.Utah, 239 F.Supp. 674, aff'd., 351 F.2d 465.

3. Appellant seeks also an order for statutory good time earned on his sentence. This court will not consider the right of appellant to credit for good time for the reason that the record contains no facts or circumstances concerning his good time record, if any. He does not allege, and the record does not indicate what, if any, statutory good time allowance he had accumulated prior to his parole, or subsequent to his reincarceration after revocation of his parole. Neither does appellant allege, nor does the record show that he was denied good time allowance or that any good time he might have accumulated was forfeited.

4. The proviso in 18 U.S.C. Section 3568, and Public Law 89–465 were not enacted at the time of sentencing and were not made retroactive.

5. Yates v. United States, 356 U.S. 363, 78 S.Ct. 766, 2 L.Ed.2d 837 (1958); Short v. United States of America, 120 U.S.App.D.C. 165, 344 F.2d 550 (1965).

6. Ibid, 344 F.2d page 558.

credit. The sentence of twelve years, however, was considerably below the maximum limit of twenty-five years, or $10,000.00 or both. The record shows, moreover, that in determining the sentence to be imposed the trial judge did take into consideration the matter of bail. The "matter of bail complained of" by the appellant was his inability to provide the $30,000.00 bail set by the trial court and his consequent imprisonment from September 6, 1954, until December 10, 1954, after it had been reduced by this court. The record shows that the trial judge wrote to appellant saying that " * * * the matter of bail complained of before the court pronounced judgment and sentence was among the circumstances considered by the court in pronouncing sentence * * *." It is clear, therefore, that appellant was not unconstitutionally imprisoned due to excessive bail and that he was credited with the time spent in custody prior to the imposition of sentence upon him due to said allegedly excessive bail. It is within the sole discretion of the trial court to determine the sentence to be imposed and appellate courts will not invade the province of the trial court so long as the sentence is within the statutory limits prescribed by Congress.[7]

On a motion under 28 U.S.C. Section 2255 the trial court is not required to grant a hearing and make findings of fact and conclusions of law if the records, files and motion show conclusively that the appellant is entitled to no relief.[8] When he pronounced sentence the trial judge recognized the period of appellant's detention pending bail. Appellant was therefore given the relief in 1955 which he now seeks. The records, files and motion show conclusively that he is not now entitled to relief and the motion to vacate or correct the sentence was properly denied without a hearing.

Affirmed.

7. Hayes v. United States, 10 Cir., 238 F.2d 318 (1956); Edwards v. United States, 10 Cir., 206 F.2d 855 (1953).

8. 28 U.S.C. Section 2255; Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962).