**UNITED STATES of America,
Plaintiff-Appellee,**

**v.**

**Julian BROWN, Defendant-Appellant.**

**No. 18081.**

United States Court of Appeals,
Seventh Circuit.

July 14, 1970.

Rehearing Denied Aug. 4, 1970.

John E. Cassidy, Jr., Cassidy, Cassidy, Quinn & Lindholm, Peoria, Ill., for defendant-appellant.

Frank J. Violanti, U. S. Atty., Springfield, Ill., Max J. Lipkin, Asst. U. S. Atty., Peoria, Ill., Vincent P. Russo, Trial Atty., U. S. Dept. of Justice, Washington, D. C., for plaintiff-appellee.

Before FAIRCHILD and PELL, Circuit Judges, and ESCHBACH, District Judge.[1]

ESCHBACH, District Judge.

Defendant-appellant Julian Brown pleaded guilty to four counts of an eight-count indictment [2] for wilfully and

1. Judge Eschbach of the United States District Court, Northern District of Indiana, is sitting by designation.

2. The indictment charged defendant with violations of 26 U.S.C. § 7201 in Counts

1 through 4 for intentionally understating taxable net income for the years 1959, 1960, 1961, and 1962, in the gross amount of $172,788.33. Pursuant to a negotiated plea, the Government dismissed

knowingly subscribing to joint returns which he did not believe to be true and correct as to every material matter for the taxable years 1959, 1960, 1961, and 1962, in violation of 26 U.S.C. § 7206(1). Defendant Brown was sentenced to a fine in the amount of $3,000 on Counts 5, 6, and 7 and to a fine in the amount of $5,000 and imprisonment for three years on Count 8. Pursuant to 18 U.S.C. § 3651, the three-year sentence under Count 8 was suspended on the condition that defendant serve ninety days in a jail-type institution and that defendant be placed on probation for the remainder of the period. On appeal, defendant contends that he should receive merely a fine and not a jail sentence, the trial court having improperly denied his motion under Rule 35 of the Federal Rules of Criminal Procedure to reduce the sentence. We affirm.

The trial court ordered a presentence investigation after the Government agreed to dismiss Counts 1 through 4 for violation of 26 U.S.C. § 7201, and defendant Brown agreed to plead guilty to the lesser Counts 5 through 8 for violation of 26 U.S.C. § 7206(1). Defendant was sentenced on August 25, 1969. Subsequent to the sentencing defendant requested and received a copy of the presentence investigation report. Defendant then filed a motion under Rule 35 of the Federal Rules of Criminal Procedure to reduce the sentences as to Counts 5, 6, and 8.[3] After a hearing on the motion on October 10, 1969 during which defendant and his independent accountant testified, the trial court denied the motion.

Defendant alleges that the harshness of the sentence was predicated upon patently incorrect factual information contained in the presentence investigation report. As a result of this improper sentencing, defendant contends that the guarantees of due process and confrontation protected by the Fifth and Sixth

Amendments were violated. Specifically, defendant points to the content and exhibits of the report which allegedly related only to Counts 1 through 4. Counts 1 through 4 charged defendant with violations supported by the net worth investigatory method, while defendant alleges that Counts 5 through 8 were predicated upon specific item omissions from gross income. Defendant claims that neither he nor his counsel had knowledge of these incorrect facts until after the sentences were imposed. It is contended that the trial court's alleged reliance on information in the presentence report which related to the first four counts in the indictment, which counts were dismissed, had the effect of denying defendant his rights under both the Fifth and Sixth Amendments.

■ Contrary to defendant's contention that there was no meeting of the minds as to the context in which the term "net worth" was used in the process of sentencing, we think that the trial court's use of that term was unambiguous and clear. The court made a statement with regard to the factors which it considered, including the presentence report, lack of any prior criminal record, defendant's duplicity of bank accounts, and checks drawn by defendant to a fictitious person. The court used the term "net worth" in the context of defendant's general success and affluence in his community, not with regard to the "net worth" method of proof used in Counts 1 through 4. During the hearing on October 10, 1969, the trial judge explained his use of the term "net worth":

> As a matter of fact, other than this offense [he] had led quite an exemplary life as a responsible citizen in this community and that in the process of so doing he had amassed a rather substantial present *net worth*. I

---

Counts 1 through 4 in exchange for defendant's guilty plea to Counts 5 through 8 based on violations of 26 U.S.C. § 7206 (1).

3. Defendant also moved under Rule 32 to withdraw his guilty plea, but later abandoned that motion.

*did not consider in any way how that net worth might or might not have been accumulated.* I did not consider in any way that fact that there were counts 1, 2, 3 and 4 in this indictment. \* \* \* (Emphasis added.)

The trial court called to defendant's attention that he was considering net worth as a factor in the imposition of fines.

■ Defendant's further contentions are of little merit and can be dealt with briefly. We do not agree with defendant that he was deprived of any constitutional rights under the Fifth and Sixth Amendments. Instead, the record shows that defendant was given adequate opportunity to be heard and was given more information than required with regard to his sentences.[4] On August 25, 1969, defendant appeared before the trial court and was allowed to present evidence by way of mitigation before sentencing; also present were defendant's attorney and accountant as well as the attorney representing him in the business transactions for the years in question. A hearing was held on October 10, 1969 on a motion to reduce the sentences and a motion to withdraw the guilty plea, which was abandoned. During that hearing, defendant was again given the opportunity to be heard, and both defendant Brown and Kenneth Kempf, Brown's accountant, testified.

■ Defendant does not contend that the guilty pleas were not entered in conformity with Rule 11 of the Federal Rules of Criminal Procedure, that he is not guilty under Counts 5 through 8, or that the sentence is ambiguous. Furthermore, the sentences under all counts were within the maximum penalties provided for violations of 26 U.S.C. § 7206(1). Under Rule 35, a ruling on a motion for reduction of a sentence is within the sound discretion of the dis-

trict court. Zaffarano v. Blackwell, 383 F.2d 719 (5th Cir.1967). The trial court had before it the presentence report as well as testimony by and on behalf of defendant Brown. All of defendant's rights were adequately protected.

The judgment of the district court is affirmed.

---

4. During oral argument on appeal, counsel for the Government stated that in the Southern District of Illinois it is not the trial court's usual practice to supply presentence probation reports to defendants.

Defendant Brown, however, was given a copy of the report at his request, excluding the recommendation of the probation officer.