**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Douglas S. DAWSON,**
**Defendant-Appellant.**

**No. 80-1690.**

United States Court of Appeals,
Seventh Circuit.

Argued Dec. 9, 1980.

Decided Feb. 17, 1981.*

Opinion March 3, 1981.

---

* This appeal was originally decided by unreported order on February 17, 1981. See Circuit Rule 35. The court has subsequently decided to issue the decision as an opinion.

Dennis P. Coffey, Milwaukee, Wis., for defendant-appellant.

Janet L. Jannusch, Asst. U. S. Atty., Peoria, Ill., for plaintiff-appellee.

Before BAUER and CUDAHY, Circuit Judges and BARTELS, Senior District Judge.**

PER CURIAM.

Defendant-appellant Donald S. Dawson appeals a district court order denying his motion under Rule 35, Fed.R.Crim.P., for reduction of sentence. We vacate and remand for further proceedings consistent with this order.

I

Dawson and two co-defendants were charged with one count of conspiring to deliver cocaine in violation of 21 U.S.C. § 846 and with four counts of distributing cocaine in violation of 21 U.S.C. § 841(a)(1). One co-defendant pleaded guilty to two of the distributing counts and was sentenced to a term of ten years with a special parole term of three years; the other has not been apprehended. Dawson refused to plead guilty because he claimed that he was not involved in any of the transactions alleged in the indictment. The government re-indicted Dawson on one count of conspiring to distribute cocaine in violation of 21 U.S.C. § 846. Dawson pled guilty to this charge and the first indictment was dismissed. He admitted that he had delivered 663.35 grams of cocaine to an undercover agent. The trial court sentenced Dawson to the maximum term of fifteen years to be served pursuant to 18 U.S.C. § 4205(a), which prevents the Parole Commission from

** The Honorable John R. Bartels, Senior Judge of the United States District Court for the Eastern District of New York, is sitting by designation.

considering a parole request until the completion of one-third of the sentence, with a special parole term of ten years.

At sentencing, the court informed Dawson that it would consider a motion to reduce sentence. The court stated

> Now, as your attorney knows, the court can reduce this sentence within 120 days if you can show that you have really seen the light and are on the right side of this drug problem. I don't know what you know about your sources or anything at all, but you know whatever you know and you can be on the side of the law as well as on the opposite side. Actions speak louder than words.

Dawson did not appeal his sentence, but subsequently filed a Rule 35 motion supported by an affidavit in which he stated that he felt that a reduction of the sentence would be appropriate in view of the ten year sentence imposed upon the co-defendant. Dawson claimed that he was given a harsher sentence because he had not volunteered any information about his source. He explained that he had not assisted the government because of strongly held personal principles and because of fear and concern for the safety of his wife, family, and himself. He further added that federal authorities knew the identity of his source as well as his source's location as the government had the location under surveillance on the day of the offense alleged in the indictment. Dawson also requested that any sentence imposed be served pursuant to 18 U.S.C. § 4205(b)(2) so that his eligibility for parole would be determined solely by the Parole Commission's guidelines. Dawson sought an evidentiary hearing on his motion, which the district court in its discretion denied.

On April 30, 1980, the court denied Dawson's Rule 35 motion in a short order, stating that the sentence was sound when imposed, that it saw no need for a change of sentence, and that the "route to minimum custody time is through the Parole Commission." At the same time the court declined to allow the sentence to be served pursuant to section 4205(b)(2), even though section 4205(a) prevents the Parole Commission from considering a parole request until the completion of one-third of the sentence in prison.

## II

 A Rule 35 motion for reduction of sentence is addressed to the sound discretion of the trial court. *United States v. Brown*, 428 F.2d 1191 (7th Cir.), *cert. denied*, 400 U.S. 941, 91 S.Ct. 238, 27 L.Ed.2d 245 (1970). The scope of our appellate review of a Rule 35 denial is narrow; the decision of the district court will be set aside only if the trial court abused its discretion. *Id.; United States v. Donner*, 528 F.2d 276 (7th Cir. 1976), *overruled on other grounds, Lawary v. United States*, 599 F.2d 218 (7th Cir. 1979). We have no power to change or reduce sentences imposed within the requisite legislative limits on the ground that the sentence is too severe, *Townsend v. Burke*, 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948), unless the trial court failed to exercise any discretion at all in imposing sentence. *United States v. Main*, 598 F.2d 1086, 1094 (7th Cir.), *cert. denied*, 444 U.S. 943, 100 S.Ct. 301, 62 L.Ed.2d 311 (1979).

 The trial court did exercise its discretion. It considered a number of factors before it initially sentenced Dawson. The court reviewed the presentence report and the letters filed by defendant and various friends and relatives. The court also considered the nature of the crime charged, Dawson's claimed religious conversion, and Dawson's background and childhood circumstances. The court, by stating that it would entertain a motion to reduce sentence if Dawson cooperated with the government by supplying information about his drug sources, implied that it had also considered the fact that Dawson had refused to cooperate with the government. When Dawson indicated his unwillingness in his Rule 35 motion to assist the government, the trial court refused to reduce the sentence. It was not improper for the district court to give some weight to defendant's failure to cooperate with the prosecution. *Roberts v.*

*United States,* 445 U.S. 552, 100 S.Ct. 1358, 63 L.Ed.2d 622 (1980).

While we agree with defendant that the sentence appears to be very harsh, we have no authority to take action based on the evaluation of the severity of the sentence. We find that the trial court did not abuse its discretion in denying Dawson's Rule 35 motion.

On June 16, 1980, subsequent to Dawson's notice of appeal filed on May 12, 1980, the Supreme Court held that Congress did not intend in 21 U.S.C. § 846 "to authorize special parole terms for conspiracy convictions." *Bifulco v. United States,* 447 U.S. 381, 398, 100 S.Ct. 2247, 2258, 65 L.Ed.2d 205 (1980). On that authority, we *sua sponte* vacate the term of special parole.

Therefore, this case is remanded solely for dismissal of the special parole term. In all other respects the judgment appealed from is affirmed.

Remanded For The Limited Purpose Described Herein.

BARTELS, Senior District Judge, dissenting.

With all due respect, I dissent, not because the sentence is excessively harsh, but because the district court failed to exercise its discretion in the imposition of the sentence. I agree with the majority's statement of the general proposition of law that:

We have no power to change or reduce sentences imposed within the requisite legislative limits on the ground that the sentence is too severe, *Townsend v. Burke,* 334 U.S. 736 [68 S.Ct. 1252, 92 L.Ed. 1690] (1948), unless the trial court failed to exercise any discretion at all in imposing sentence. *United States v. Main,* 598 F.2d 1086, 1094 (7th Cir.), *cert. denied,* 444 U.S. 943 [100 S.Ct. 301, 62 L.Ed. 1690] (1979).

I add, however, as this court stated in *United States v. Harris,* 558 F.2d 366, 372 (7th Cir. 1977): "The process by which the trial judge determined the sentence is not insulated from appellate review." This princi-

ple was also enunciated in *United States v. Hartford,* 489 F.2d 652, 654 (5th Cir. 1974), where the court said:

Appellate modification of a statutorily-authorized sentence … is an entirely different matter than the careful scrutiny of the *judicial process* by which the particular punishment was determined. Rather than an unjustified incursion into the province of the sentencing judge, this latter responsibility is, on the contrary, a necessary incident of what has always been appropriate appellate review of criminal cases.

(Emphasis in original.) In quoting the above with approval, the Supreme Court in *Dorszynski v. United States,* 418 U.S. 424, 443, 94 S.Ct. 3042, 3052, 41 L.Ed.2d 855 (1974) added: "Although well established doctrine bars review of the exercise of sentencing discretion, limited review is available when sentencing discretion is not exercised at all." This principle was applied by the Supreme Court in *Yates v. United States,* 356 U.S. 363, 366–67, 78 S.Ct. 766, 768–769, 2 L.Ed.2d 837 (1958), and by this court in *United States v. Wiley,* 278 F.2d 500 (7th Cir. 1960). *See also United States v. McKay,* 491 F.2d 616, 624–25 (10th Cir. 1973), *cert. denied,* 416 U.S. 972, 94 S.Ct. 1996, 40 L.Ed.2d 560 (1974).

Thus this court has a right to inquire whether the district court in imposing the sentence acted in a fundamentally unfair manner in the exercise of its discretion, or failed to exercise any discretion at all. This is no less true whether the sentence is reviewed directly or pursuant to an appeal from a Rule 35 denial. *See United States v. Donner,* 528 F.2d 276, 279 (7th Cir. 1976), *overruled on other grounds, Lawary v. United States,* 599 F.2d 218 (7th Cir. 1979).

Prior to imposing sentence, the district court had before it evidence of Dawson's one prior conviction—for possession of marijuana. He had had no other serious brushes with the law. His childhood and adolescence were very unstable, due principally to his father's drinking problem and his parents' consequent divorce. Dawson was on his own at a very early age, and

despite his limited eighth grade education, he became a journeyman carpenter by trade. At the time of sentencing, Dawson was only 24 years old.

Following the imposition of the maximum 15-year prison term the court stated:

Now, as your attorney knows, the Court can reduce this sentence within 120 days if you can show that you have really seen the light and are on the right side of this drug problem. I don't know what you know about your sources or anything at all, but you know whatever you know and you can be on the side of the law as well as on the opposite side. Actions speak louder than words in that regard.

To me it is clear from the above statement that there were two reasons why the district court said he would entertain a motion to reduce the sentence: 1) reformation and repentance; and 2) provision of information concerning defendant's source of drugs. As to the first requirement, the numerous letters, affidavits, and recommendations more than satisfied that condition. While a post-conviction conversion is not a consideration a court must accept on a Rule 35 motion, the district judge here indicated that he *would* consider it in Dawson's case. He did not. His failure to do so was a failure to exercise discretion and inconsistent "with that regularity and fairness which should characterize the administration of justice in the federal courts." *Saldana v. United States*, 365 U.S. 646, 647, 81 S.Ct. 783, 784, 5 L.Ed.2d 855 (1961).

As to the second requirement, the majority admits that one of the conditions of the district court's entertaining a motion to reduce would be Dawson's decision to cooperate. The difficulty with imposing such a condition in this case appears from Dawson's affidavit stating that the government already knew his drug source, a statement supported by the Presentence Report, wherein it was noted that: "At 12:40 a. m. on September 19, 1979, Dawson, after having stopped at his supplier's home on Rockland Road, Lake Bluff, Illinois, arrived at the restaurant, delivered 663.35 grams of cocaine to Stacy, and was arrested." More-over, Dawson made it clear that his failure to furnish any further information was out of fear for the safety of himself and his family. In its denial of the Rule 35 application, the district court did not address the sufficiency of the information already available, or of Dawson's fears as legitimate reasons for his failure to cooperate. This case accordingly does not fall within the factual pattern of *Roberts v. United States*, 445 U.S. 552, 100 S.Ct. 1358, 63 L.Ed.2d 622 (1980), which I suggest is no authority for the court's denial of Dawson's motion. In *Roberts*, the government needed the information that the defendant might have provided. Here it did not. Moreover, the defendant failed to cooperate out of his "continued solicitude for his former criminal enterprise", not for fear. 445 U.S. at 562, 100 S.Ct. at 1365 (Brennan, J., concurring).

Finally, a further reading of the Presentence Report discloses that the district court completely and in every detail followed the recommendation for punishment of the probation officer, who did not have before him all the considerations that were before the district court at the time the latter considered the Rule 35 motion. Moreover, in its Order of April 30, 1980 denying Dawson's Rule 35 motion, the district court never expressly passed upon his additional request that his sentence be served pursuant to the provisions of 18 U.S.C. § 4205(b)(2). This aspect of the sentence was not raised upon appeal because the lower court never ruled on the question. The district court therefore still retains jurisdiction to consider the same. *See, e. g., United States v. Gee*, 56 F.R.D. 377 (D.Tex.1972); *United States v. Feliciano-Grafals*, 309 F.Supp. 1292 (D.Puerto Rico 1970).

By reason of the foregoing, it is my conclusion, with due deference to the district court, that the Rule 35 denial should be vacated and the case remanded for review and consideration of the above factors. At least the district court should rule expressly on the application for a sentence pursuant to 18 U.S.C. § 4205(b)(2).