**UNITED STATES of America,**
**Appellee,**

v.

**Paul AZZARA, Defendant–Appellant.**

**No. 06–0609–cr.**

United States Court of Appeals,
Second Circuit.

Sept. 24, 2008.

Paul Azzara, White Deer, PA, for Appellant.

Michael J. Garcia, United States Attorney General for the Southern District of New York, Steven D. Feldman, Assistant United States Attorney, Daniel A. Braun, Assistant United States Attorney, New York, NY, for Appellee.

PRESENT: Hon. JOHN M. WALKER, JR., Hon. ROBERT A. KATZMANN, Hon. JOHN R. GIBSON,* Circuit Judges.

* The Honorable John R. Gibson, United States Court of Appeals for the Eighth Circuit, sitting

## SUMMARY ORDER

Defendant–Appellant Paul Azzara, *pro se,* appeals from the December 27, 2005 judgment of the United States District Court for the Southern District of New York (McMahon, J.) resentencing Azzara to a prison term of 168 months. We assume the parties' familiarity with the underlying facts and the procedural history of the case.

As this Court remanded for resentencing pursuant to *United States v. Fagans,* 406 F.3d 138, 141 (2d Cir.2005), Azzara's sentence is reviewed for reasonableness. *See United States v. Singletary,* 458 F.3d 72, 79 (2d Cir.2006). Reasonableness review has both substantive and procedural dimensions. *See United States v. Crosby,* 397 F.3d 103, 114 (2d Cir.2005). Substantive reasonableness examines "whether the length of the sentence is reasonable in light of the factors outlined in 18 U.S.C. § 3553(a)." *United States v. Rattoballi,* 452 F.3d 127, 132 (2d Cir.2006). Procedural reasonableness examines whether the district court correctly "(a) identified the Guidelines range supported by the facts found by the court, (b) treated the Guidelines as advisory, and (c) considered the Guidelines together with the other [§ 3553(a) ] factors." *Id.* at 131.

 Azzara's sentence is procedurally reasonable because the district court correctly calculated the Guidelines range, considered the § 3553(a) factors, and was aware that the guidelines were not mandatory. *See id.* The sentence is also substantively reasonable. *See United States v. Fernandez,* 443 F.3d 19, 27 (2d Cir.2006) (finding that "in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances"). The district court evaluated each of the § 3553(a) factors in determining the appropriate sentence and Azzara has not challenged the length of his sentence in light of these factors. We have considered all of Azzara's arguments and find them to be without merit. Accordingly, the judgment of the district court is AFFIRMED.