SUMMARY ORDER
Todd-Murgas was convicted, following a guilty plea, of conspiracy to distribute and to possess with intent to distribute powder and crack cocaine. See 21 U.S.C §§ 841(a)(1), 846. Originally sentenced to a term of 188 months’ incarceration, he here appeals (1) the higher 207-month sentence imposed on initial remand by Judge Munson, and (2) the decision of Chief Judge Mordue on a subsequent Crosby remand not to modify that sentence. We assume the parties’ familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision.
1. The Increased Sentence
On Todd-Murgas’s initial appeal, this court affirmed his conviction but vacated the sentence, identifying error in the district court’s requirement that the government prove uncharged conduct relevant to sentencing—specifically, Todd-Murgas’s alleged role in two drug-related murders— by clear and convincing evidence. See United States v. Cordoba—Murgas, 233 F.3d 704 (2d Cir.2000). On remand, the district court found the homicidal conduct proved by the appropriate preponderance standard and, on that ground, sentenced Todd-Murgas to 207 months’ incarceration, a term 19 months longer than originally imposed but still within his Guidelines range of 188 to 235 months.
Todd-Murgas submits that the sentence violated this court’s remand mandate, which he construes to allow an upward departure from the Guidelines sentencing range pursuant to U.S.S.G. § 5K2.1, but not a higher sentence within the Guidelines range.[3] The argument merits little discussion. Our mandate clearly vacated judgment, requiring the district court to resentence defendant after it decided whether the alleged relevant conduct was proved by a preponderance of the evidence. Todd-Murgas agrees that this mandate clearly empowered the district court to rely on such proved conduct to impose a sentence above the Guidelines range. To suggest that the mandate did not permit the more modest action of imposing an increased sentence within the Guidelines range is not only wrong; it is absurd. See generally United States v. Carpenter, 320 F.3d 334, 344-45 (2d Cir.2003) (observing that district court properly follows “spirit” of mandate rather than “letter” to avoid injustice).
Todd-Murgas further argues that the increased sentence is presumptively vindictive because it was based on the same evidence that was before the court at the time of the original sentencing. The argument fails because, following our mandate on remand, the district court applied a lesser burden of proof to its review of this evidence. Where an increased sentence is based on a “changed understanding of the law,” a defendant is afforded no presumption of vindictiveness; he must demonstrate “actual vindictiveness.” United States v. Singletary, 458 F.3d 72, 76-77 (2d Cir.2006) (internal quotation marks omitted). Todd-Murgas fails to point to anything in the record suggesting vindictiveness. Accordingly, we identify *516 no error in the district court’s imposition of a higher sentence on our initial remand.
2. Crosby Remand
? argues that the district court erred in not following the procedures outlined in United States v. Garcia, 413 F.3d 201, 228-30 (2d Cir.2005), for a Crosby remand when a case is reassigned to a new judge. Because Crosby remands to successor judges are rare, district courts seldom have occasion to consider and apply these procedures. In this case, Todd-Murgas charges that the district court erred in failing to (1) review the full record of the original sentencing, (2) compare the original sentence to the sentence it would have imposed in light of Booker, and (3) produce the defendant in open court.
We address the last point first. In holding that a Crosby remand could proceed before a judge other than the one who imposed the challenged sentence, Garcia identified an important condition: the new “judge must order the defendant produced in open court ... and must afford him an opportunity to be heard,” 413 F.3d at 230 (emphasis added). The government does not dispute that Todd-Murgas was not produced before Chief Judge Mordue (to whom this case was reassigned from Judge Munson after the Crosby remand); rather, it argues that the quoted condition is dictum. The government is mistaken. The identified procedures are pivotal to our holding that, even when a Crosby remand cannot proceed before the original sentencing judge, a successor judge can reliably tell us whether a Booker error was harmless, without which reliable assurance we would be required to order resentencing. See United States v. Garcia, 413 F.3d at 229-30. Because we cannot confidently conclude that the failure to produce ToddMurgas and to afford him an opportunity to address the court had no effect on the district court’s Crosby response, we reluctantly remand this case yet again so that this Garcia requirement can be satisfied.[4]
In light of this decision, Todd-Murgas’s other procedural challenges require little discussion. The record indicates that Chief Judge Mordue carefully reviewed all materials relevant to the prior sentencing in this case. In such circumstances, we will not assume from a failure explicitly to reference “statements made by the original sentencing judge indicating an inclination to show greater leniency or severity but for the Guidelines mandates,” United States v. Garcia, 413 F.3d at 229 n. 19, that the court overlooked such materials, see United States v. Brown, 514 F.3d 256, 264 (2d Cir.2008) (observing that sentencing judge need not engage in “robotic incantations” or “slavishly follow any particular formula” to demonstrate consideration of required sentencing factors (internal quotation marks omitted)). Nevertheless, on remand, the district court and the parties may pursue the matter further as warranted.
We are similarly disinclined to think that the able district judge failed to perform the comparative analysis detailed in Garcia. See 413 F.3d at 229 (observing that “necessary comparative assessment is most clearly made if the new judge states whether the sentence that judge would have imposed with the benefit of Booker is or is not the same as the challenged sentence”). Here again, any doubt can easily *517 be assuaged on remand by a clear statement.[5]
In sum, although we identify no merit in Todd-Murgas’s challenges to the district court’s imposition of a higher sentence within the Guidelines range on the initial remand in this case, we REMAND once again for further Crosby proceedings consistent with this order.

. Although we did not address Todd-Murgas's challenges to his increased sentence when he first raised them in this court—employing a Crosby remand first to ascertain whether the district court would resentence in light of United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005)—we do so here in the interest of efficiency.

. In Garcia, we recognized that, with the consent of the court, the defendant and the government may waive defendant's appearance at a Crosby remand proceeding before a successor judge, 413 F.3d at 230, but no such waiver occurred in this case.

. With the benefit of the Supreme Court’s decisions in Gall v. United States, 552 U.S. 38, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007), and Kimbrough v. United States, 552 U.S. 85, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007), it should now be clear that a district court’s task on a Crosby remand is not simply to assess the reasonableness of the original sentence. See, e.g., United States v. Jones, 531 F.3d 163, 182 (2d Cir.2008) (observing that, in wake of Kimbrough and Gall, district court must make independent, individualized assessment of appropriate sentence without presuming reasonableness of Guidelines range). Reasonableness is the standard of appellate review. See United States v. Cavera, 550 F.3d 180, 190-91 (2d Cir.2008) (en banc). On a Crosby remand, a district court should indicate whether, with a proper understanding of the advisory nature of the Guidelines and its discretion in weighing the relevant factors identified in 18 U.S.C. § 3553(a), it would have imposed the same sentence.