CALABRESI, Circuit Judge,
concurring:
I join Chief Judge Jacobs’s opinion in full, and am in complete agreement with its reasoning. I write separately because I believe that in addition to the procedural error Chief Judge Jacobs identifies, there is another independently sufficient reason to vacate the sentence and to remand the case to a different judge.
It seems to me that when there has been a gap of fifteen years between an original vacatur of a sentence and re-sentencing — a period during which the prisoner is held in jail without a valid final sentence — and when the circumstances surrounding that gap may lead an objective observer to conclude that it was caused in part by the behavior of the sentencing judge, it behooves us — in order to preserve the appearance of impartiality — automatically to assign the imposition of a new sentence to a new judge. And I believe that this is so regardless of whether the defendant moved for a new judge below.
When a judge has — through a combination of the judge’s own inaction, of some government neglect, and, perhaps, of the prisoner’s lack of complaint — failed to impose sentence for some fifteen years, an “objective observer” might question the judge’s impartiality, see United States v. DeMott, 513 F.3d 55, 59 (2d Cir.2008), regardless of the result the judge ultimately reaches. Consider three different possibilities:
(1) The judge imposes a lower sentence after the delay. This might lead an objective observer to think that the judge bent-over-backward and attributed undue weight to intervening defendant-favorable factors in order to salve the judge’s own conscience for not acting sooner, or per *57 haps to punish the government for its neglect.
(2) The judge imposes the same sentence. This might lead an objective observer to suspect that the judge attempted to sweep the matter under the rug by suggesting (explicitly or implicitly) that the delay was inconsequential and that nothing material to the proper sentence changed during the delay (even if it did).
(3) The judge imposes a higher sentence, which, absent a showing of actual vindictiveness is allowable in some cases. See United States v. Singletary, 458 F.3d 72, 76-79 (2d Cir.2006). This would quite possibly lead an objective observer to wonder whether the judge improperly blamed the delay on the defendant for not bringing the matter to the court’s attention. See United States v. Ray, 578 F.3d 184, 190-91, 200 (2d Cir.2009) (finding, contrary to the district judge, that it is not a defendant’s responsibility to bring about her own re-sentencing).
In each of these scenarios, the district judge might well have sentenced the defendant entirely appropriately. And I do not doubt that many district judges would be able to render a fair and impartial sentence even after participating in a significant delay. But that is beside the point. The question is whether an impartial observer could look at such a situation and be skeptical of impartiality. See United States v. Campo, 140 F.3d 415, 420 (2d Cir.1998). I believe such skepticism is inevitable, and that in fact it is what, at least in part, properly underlies the majority opinion. See Maj. Op. at 55 (recognizing that the district court’s “root error” in this case was to treat the vacated 405-month sentence as the “baseline” at re-sentencing).
What, however, of the fact that defendant did not raise the matter below, an action we normally require to avoid forfeiture or implied waiver? See United States v. Bayless, 201 F.3d 116, 127 (2d Cir.2000). I do not think that failure to object can matter in this type of case. Apart from the general desire not to offend a sentencing judge, there is something else at work when unreasonable delay is involved, which, in contrast to most cases where recusal may be appropriate, makes any objection below unlikely. As noted above, a judge’s reaction to a significant sentencing delay can produce bias (or the appearance of bias) that cuts in either party’s favor and does so unpredictably. Why, for instance, should the government ask for a change of judge and risk offending the original sentencing judge in circumstances where an objective observer might believe the judge could react to the delay by favoring the government and imposing the same or a harsher sentence? On the opposite side, why should the defendant risk offending the sentencing judge when an objective observer might believe that there is a fair chance that the judge will attempt to atone for the delay by giving a more lenient sentence? The appearance of impartiality in such circumstances is too important to leave to the whim of the parties. Impartiality, and its appearance, belongs to all of us, and to our justice system. Cf. United States v. Nelson, 277 F.3d 164, 206 (2d Cir.2002) (recognizing the “fundamental, indeed foundational, role impartiality plays in our system of courts” and suggesting that the right to be tried before an impartial fact-finder might be unwaivable).
The categorical rule I propose might not be appropriate if it were excessively costly. But, for the reasons stated in the majority opinion remand to a different judge in the instant case, reassignment in cases of this sort is unlikely to waste substantial judicial resources. The work of updating the record to account for changes during the period of delay is the same regardless of *58 whether the case is reassigned. And the original sentencing judge’s memory of the grounds for the long-ago vacated sentence is likely to be too weak a reed to bear much weight.
There is one additional objection to the approach that I am suggesting: the familiar problem of where to draw the line in response to extreme cases. Cf. Caperton v. A.T. Massey Coal Co., Inc., — U.S. -, 129 S.Ct. 2252, 2265-66, 173 L.Ed.2d 1208 (2009). Is remand to a new judge automatically necessary after fifteen years, but not after ten? After ten years, but not after five? I need not answer that question today. Fifteen years seems to me long enough to make an objective observer doubt the impartiality of the original sentencing judge, and that is what is before us now. I would be more than satisfied if we held nothing more today, and let later panels decide subsequent cases on the same basis should additional cases involving substantial sentencing delay arise, as I sincerely hope they will not In any event, the frequency of such unfortunate events is sufficiently small and the prevalence of automatic reassignment rules — whether formal or informal — sufficiently common that a simple automatic rule that requires assignment to a new judge whenever there is significant delay should present few administrative problems, and the result would be to further both the appearance of justice and the preservation of judicial resources.
For all of these reasons, while I agree that in this case the record demonstrates that the sentencing judge erred procedurally and hence that vacatur is necessary, I would vacate and remand to a different judge even in the absence of the specific errors the majority opinion has identified.