08-4211-cr (L)
United States v. Spies

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

August Term, 2010

Petition for Rehearing Filed: February 9, 2011

Decided: November 29, 2011

Docket No.  09-3266-cr(CON)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

     <u>Appellee</u>,

         v.

CHRISTIAAN DEWET SPIES, also known as David,

     <u>Defendant-Appellant-Petitioner</u>,

NIKOLAI NADIRASHVILI, also known as Nikoloz Nadirashvili, also known as Nikush, LEVAN CHVELIDZE, DIMITRIY VOROBEYCHIK, IOSEB KHARABADZE, also known as Soso, and ARTUR SOLOMONYAN, also known as Alex,

     <u>Defendants-Appellants</u>,

JOSEPH COLPANI, also known as Joe, MICHAEL GUY DEMARE, also known as Michel, ARMEN RAZMIK BARSEGHYAN, SPARTAK VAHAGN YERIBEKYAN, LEVON SOLOMONYAN, ALLAH MCQUEEN, RAJAB CHAVIS, also known as Jabs, also known as Keith Chavis, GAREGIN GASPARYAN, also known as Garik, MICHAEL JIMENEZ, also known as Mike, NIEMAN MYLES, also known as Luis, WILLIAM JESUS THOMAS, VAKHTANG MACHITIDZE, TIGRAN GEVORGYAN, also known as Tiko, ARMAND ABRAMIAN, also known as Armo,

     <u>Defendants</u>.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

B e f o r e:   WINTER, POOLER, and HALL, Circuit Judges.

On appellant Spies's Petition for Rehearing by the Panel.

The Petition for Rehearing is granted.  We find that the district court used the incorrect standard in applying certain offense level enhancements under Section 2K2.1(b) of the Federal Sentencing Guidelines during the sentencing of appellants Spies and Kharabadze.  Therefore, we vacate their sentences and remand for resentencing in accordance with our prior opinion.

John Burke, Brooklyn, New York, for Defendant-Appellant-Petitioner Spies.

WINTER, Circuit Judge:

Appellant Spies petitions for a rehearing of our decision in United States v. Nadirashvili, --- F.3d ---, 2011 WL 3672467 (2d Cir. 2011).  In that decision, we, inter alia, vacated appellant Solomonyan's sentence because the district court used the incorrect standard -- preponderance of the evidence -- in applying two offense level enhancements under the Federal Sentencing Guidelines for the involvement of:  (i) 200 or more firearms, under U.S.S.G. § 2K2.1(b)(1)(E); and (ii) a destructive device, under U.S.S.G. § 2K2.1(b)(3)(A).

Spies argues that his sentence should also be vacated because the district court used the preponderance of the evidence standard in applying the same offense enhancements in the calculation of his guidelines sentence.  We agree.  We also, sua

sponte, take note that the same incorrect standard was used in applying the destructive device enhancement as to appellant Kharabadze. While neither appellant argued this point in their respective briefs,[1] and Kharabadze has not filed a motion for rehearing, we believe that it is in the interest of justice to vacate both of their sentences.

We therefore grant the petition for rehearing, vacate the sentences of Spies and Kharabadze, and remand to the district court for resentencing consistent with our prior opinion.

---

[1] Spies did state in his brief that he intended to join the arguments of his co-appellants applicable to him but did not reference his sentencing procedure, which was of course separate from that of Solomonyan. Nevertheless, the interests of justice require us to address the argument.