11-5249-cr
*U.S. v. Shuster*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19th day of November, two thousand twelve.

PRESENT:

      PIERRE N. LEVAL,
      JOSÉ A. CABRANES,
      ROBERT D. SACK,
            *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,

      *Appellee,*

      -v.-                                          No. 11-5249-cr

BORIS SHUSTER, also known as Robert Shuster,

      *Defendant-Appellant,*

ALEXANDER DZEDETS, also known as Sasha Dzedets, VICTOR ALTMAN, VINCENT C. ARMATO, IGOR G. KOMET, also known as Gary Komet, ADAM LICHTENBAUM, DAVID LOZOVSKY, LARRY SHUSTER, EDWARD SHAROV, BORIS TAGER, PETER TORRALES JR.

      *Defendants.*[*]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

---

[*] The Clerk of Court is directed to amend the official caption in this case to conform to the listing of the parties above.

FOR APPELLANT:     JENNIFER BONJEAN, Bonjean Law Group, Brooklyn, NY.

FOR APPELLEE:      CHRISTOPHER JOSEPH DIMASE, Assistant United States Attorney (Michael Douglas Maimin, Assistant United States Attorney, *on the brief*), *for* Preet Bharara, United States Attorney, United States Attorney's Office for the Southern District of New York.

Appeal from a December 5, 2011 amended judgment of conviction entered by the United States District Court for the Southern District of New York (Victor Marrero, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the December 5, 2011 judgment of the District Court be **AFFIRMED**.

In the United States District Court for the Southern District of New York, Boris Shuster pleaded guilty to charges related to a fraudulent investment scheme. The District Court imposed a 150-month sentence. Shuster has appealed his sentence twice, and each time this Court has remanded for re-sentencing based on specific errors made by the District Court. Each time, the District Court addressed the relevant error and again sentenced Shuster to a term of 150 months.

Meanwhile, Alexander Dzedets, Shuster's partner in the fraudulent investment scheme, also pleaded guilty in the United States District Court for the Southern District of New York. However, unlike Shuster, Dzedets's plea agreement specified that he would be sentenced in the United States District Court for the Eastern District of New York, where both he and Shuster had previously pleaded guilty to charges relating to another fraudulent investment scheme. Judge I. Leo Glasser sentenced Dzedets to a term of 55 months' imprisonment for both schemes.

Shuster now appeals his amended judgment of conviction sentencing him to 150 months' imprisonment on three grounds: (1) the District Court relied on clearly erroneous facts in setting the offense level; (2) the sentence is unreasonable in light of the disparity between his sentence and Dzedets's; and (3) the District Court acted vindictively in resentencing him to 150 months in prison.

A.   **Offense Level**

Shuster first claims that the District Court committed procedural error because it calculated Shuster's offense level based on inaccurate findings as to loss amount and number of victims. Shuster has made no showing that the District Court relied on clearly erroneous facts, as he must to prevail on this claim. *United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008) (en banc). Instead, he has simply presented evidence that Dzedets was sentenced by a different judge in a different district based on a different offense level calculation. This fact, standing alone, does not clearly demonstrate that the District Court here relied on erroneous findings. Shuster has therefore failed to demonstrate procedural

error based on inaccurate factual findings. *Id.*

## B.    Sentencing Disparity

Shuster next argues that his sentence is unreasonable because the District Court refused to reduce his sentence because of "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct" under 18 U.S.C. § 3553(a)(6).  The District Court did consider the disparity, but found it was not unwarranted.  The Court found the disparity was attributable to a substantial difference between the two co-defendants.  Furthermore, the Court reconsidered the specific findings on which it had based Shuster's sentence, and decided those findings were correct.

Even if a district court does identify a disparity between co-defendants, that "disparity does not necessarily require it to adjust a sentence downward from the advisory guidelines range in order for that sentence to be reasonable . . . much less compel any particular reduction."  *United States v. Florez*, 447 F.3d 145, 157-58 (2d Cir. 2006) (internal quotation marks and citation omitted).  Rather, the district court has discretion over how much weight to give this factor.[1]  *Id.* at 158.

Inasmuch as § 3553(a)(6) does not require district judges to address disparities between co-defendants,  it certainly does not force district judges to match their sentences to those given by other district judges or otherwise to address specific differences in individual sentences between judges or districts.  We have previously explained that we will defer to a district court when it properly calculates the Sentencing Guidelines range, does not treat the Guidelines as mandatory, considers the § 3553(a) factors,[2] does not rest its sentence on a clearly erroneous finding of fact, and adequately explains its

---

[1] In this case, the District Court examined the disparity at length, and resolved not to accord it any weight.  *See* Joint App'x 79.

[2] The § 3553(a) factors, which must be considered by a district court in determining a sentence, are:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed--

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

chosen sentence. *United States v. Johnson*, 567 F.3d 40, 51 (2d Cir. 2009); *Cavera*, 550 F.3d at 190. Indeed, "we must defer heavily to the expertise of district judges" even though it "may result in substantial variation among district courts." *Cavera*, 550 F.3d at 193. This is particularly so "because the sentencing guidelines are based on national sentencing patterns," and therefore "a district court necessarily considers the interest in consistency between similarly situated defendants when it considers a properly calculated guidelines recommendation." *United States v. Grigsby*, 692 F.3d 778, 792 (7th Cir. 2012). Thus, when a district court's sentence is otherwise procedurally reasonable, we will still defer to its decision even if a similarly-situated defendant received a different sentence in another district. *Johnson*, 567 F.3d at 51; *Cavera*, 550 F.3d at 190.

Here, the District Court made an ample showing, in open court and on the record, that it properly considered the Guidelines and the factors set out by § 3553(a). *See* Joint App'x 77-79; *Cavera*, 550 F.3d at 190. No further effort to address any disparity between Shuster's and Dzedets's sentences was necessary. Accordingly, we hold that Shuster's sentence was not procedurally unreasonable.[3]

---

(4) the kinds of sentence and the sentencing range established for--

    (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--

        (i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

        (ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or

    (B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);

(5) any pertinent policy statement--

    (A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

    (B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced. [FN1]

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

[3] Shuster has made no suggestion, much less any showing of substantive unreasonableness.

## C.      Vindictiveness

Finally, Shuster contends that the District Court acted vindictively in resentencing him, for the third time (following two remands), to 150 months' imprisonment.  No presumption of vindictiveness attaches, both because Shuster did not receive a more severe sentence on remand, *North Carolina v. Pearce*, 395 U.S. 711, 726 (1969), and because there is no reasonable likelihood that the District Court was actually being vindictive, *United States v. Singletary*, 458 F.3d 72, 76 (2d Cir. 2006).  "'[T]he burden remains on the defendant to prove actual vindictiveness,'" *id.* (quoting *Alabama v. Smith*, 490 U.S. 794, 799 (1989)), and because Shuster has made no such showing, his claim of vindictiveness must be denied.

## CONCLUSION

We have reviewed the record and the parties' arguments on appeal, and we affirm the December 5, 2011 judgment of the District Court.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

5