13-2788-cr(L), 13-2888-cr (con)
United States v Christian Dewet Spies, Artur Solomonyan

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY  ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND  THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 10th day of October, two thousand fourteen.

Present:     ROSEMARY S. POOLER,
             REENA RAGGI,
             PETER W. HALL,
                  *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                 *Appellee*,

         v.                                    13-2788-cr(L), 13-2888-cr(con)

CHRISTIAN DEWET SPIES, AKA DAVID,
ARTUR SOLOMONYAN, AKA ALEX,

                 *Defendants-Appellants*.[1]

_____

Appearing for Appellants:     John Burke, Brooklyn, N.Y., *for Christian Dewet Spies*.
                              Seth Ginsberg, New York, N.Y., *for Artur Solomonyan*.

Appearing for Appellee:       Jason A. Masimore, Assistant United States Attorney for the
                              Southern District of New York (Preet Bharara, United States
                              Attorney, Justin Anderson, Assistant United States Attorney, *on
                              the brief*), New York, N.Y.

---

[1] The Clerk of the Court is directed to amend the caption as above.

Appeal from the United States District Court for the Southern District of New York (Duffy, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Christian Dewet Spies and Artur Solomonyan appeal from a judgment entered on July 12, 2013, in the United States District Court for the Southern District of New York (Duffy, *J.*) sentencing them to respective terms of imprisonment of 240 months and 264 months.

On appeal, Spies and Solomonyan challenge the procedural reasonableness of their sentences. Spies further asserts that the Sixth Amendment requires a jury to determine the facts underlying a sentence recommended under the United States Sentencing Guidelines ("Guidelines") and that his sentence is substantively unreasonable. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We review district court sentencing decisions for both procedural and substantive errors under a "deferential abuse-of-discretion standard." *See United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (internal quotation marks omitted).

*Procedural Challenge*
"A district court commits procedural error where it fails to calculate (or improperly calculates) the Sentencing Guidelines range, . . . [or] selects a sentence based on clearly erroneous facts." *United States v. Robinson*, 702 F.3d 22, 38 (2d Cir. 2012). Where "the district court's account of the evidence is plausible in light of the record viewed in its entirety, the court of appeals may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently." *United States v. Mi Sun Cho*, 713 F.3d 716, 722 (2d Cir. 2013) (quoting *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573–74 (1985)).

We previously remanded this case for resentencing and instructed the district court to recalculate the defendants' offense levels under the Guidelines by "applying the reasonable certainty standard to any facts underlying the offense level adjustments listed in [U.S.S.G.] Section 2K2.1(b)." *United States v. Nadirashvili*, 655 F.3d 114, 122 (2d Cir. 2011); *see also United States v. Spies*, 661 F.3d 1158, 1158–59 (2d Cir. 2011).

Spies and Solomonyan now argue that the evidence before the district court fails to establish with reasonable certainty that they intended to obtain (a) in excess of 200 firearms, which triggered a 10-level increase under U.S.S.G. § 2K2.1(b)(1)(E) and (b) a destructive device, which triggered a 15-level sentencing enhancement pursuant to U.S.S.G. § 2K2.1(b)(3)(A).

In making its Guidelines determination, the district court relied on a conversation recorded on June 11, 2004, between the defendants and the Government's confidential informant and a conversation recorded on January 28, 2005, between Solomonyan and a potential supplier in Armenia, as evidence of the defendants' intent to acquire such weapons.

Spies and Solomonyan argue that these conversations are insufficient to establish a specific agreement between the conspirators. We disagree. As we have noted in the context of

drug conspiracies, we look not just to the terms of the agreement but to whether "the defendant and his co-conspirators took any action toward producing the contested amounts, such as seeking financing, making arrangements for deliver[y] . . . , or contacting suppliers . . . ." *United States v. Hendrickson*, 26 F.3d 321, 338 (2d Cir. 1994). Here, Solomonyan contacted three potential suppliers in Armenia and ultimately agreed with Yeribekyan to accept an initial shipment of weapons with the understanding, according to Solomonyan, that "[t]he first one is the hardest. The rest will follow more freely." Spies and Solomonyan also claim that they lacked the capability to complete the transaction. But, as here, "inability due to frustrated efforts, factual impossibilities or unforeseen circumstances does not defeat the inference of an agreement to produce contested amounts . . . ." *Id.* at 337. Having reviewed the record before the court at sentencing, we are not "left with the definite and firm conviction that a mistake has been committed." *See United States v. Lin Guang*, 511 F.3d 110, 122 (2d Cir. 2007) (internal quotation marks omitted).

Contrary to Spies's assertion, the application of the two sentencing enhancements by the district court without jury findings does not violate *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Judicial factfinding that results in enhancements under the Guidelines, which are now advisory, *see United States v. Booker*, 543 U.S. 220 (2005), does not offend a defendant's Sixth Amendment right to jury trial, as the Guidelines do not alter statutory maximum or minimum penalties. *See Alleyne v. United States*, ---U.S.----, 133 S. Ct. 2151, 2163 (2013) (holding that facts that increase mandatory minimum sentences must be submitted to the jury, but emphasizing that ruling "does not mean that any fact that influences judicial discretion must be found by a jury"); *see also United States v. Singletary*, 458 F.3d 72, 80 (2d Cir. 2006) (noting that judicial factfinding at sentencing is "permissible—indeed, required—under an *advisory* Guidelines regime"). Here, the district court's application of the enhancements under Section 2K2.1 affected only the Guidelines recommendation and not the statutory sentencing range.

Accordingly, we see no procedural error.

*Substantive Challenge*

Spies also argues that the district court committed substantive error by imposing a sentence that was "longer than necessary." He submits that his difficult upbringing, lack of prior criminal record, remorse, and efforts at rehabilitation merit a more lenient sentence.

We will set aside a district court's decision on the ground of substantive unreasonableness "only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *Cavera*, 550 F.3d at 189 (internal quotation marks omitted). In reviewing for substantive error, "we take into account the totality of the circumstances, giving due deference to the sentencing judge's exercise of discretion, and bearing in mind the institutional advantages of district courts." *Id.* at 190. "[W]e will not substitute our own judgment for the district court's on the question of what is sufficient to meet the § 3553(a) considerations in any particular case." *Id.* at 189.

Spies was sentenced to 240 months imprisonment on five counts related to arms trafficking and two counts related to the domestic possession and transfer of machine guns. At sentencing, the district court considered the mitigating factors that Spies raised but found that the

seriousness of the offenses warranted a sentence capable of deterrence, particularly general deterrence. We conclude that Spies's sentence—a downward departure from the recommended Guidelines sentence of life imprisonment and below the statutory maximum—is within the range of permissible decisions under these circumstances. We therefore find no substantive error.

We have considered the remainder of the arguments presented by Spies and Solomonyan and find them to be without merit.  Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk