14-0207-cr
United States v. Garcia

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND  THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 7th day of January, two thousand fiftteen.

Present:     ROSEMARY S. POOLER,
             GERARD E. LYNCH,
             CHRISTOPHER F. DRONEY,
                         *Circuit Judges.*

_____

UNITED STATES OF AMERICA,


                         *Appellee*,


             v.                                    14-0207-cr


LUIS GARCIA aka LUCHO,



                         *Defendant-Appellant*.

_____

Appearing for Appellant:     Daniel S. Nooter (Lee A. Ginsberg, *on the brief*), Freeman Nooter & Ginsberg, New York, NY.

Appearing for Appellee:      Douglas M. Pravda, Assistant United States Attorney, (Peter A. Norling and Patricia E. Notopoulos, Assistant United States Attorneys, *on the brief*), *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, NY.

Appeal from the United States District Court for the Eastern District of New York (Gleeson, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED** and that the defendant-appellant's claim of ineffective assistance of counsel is **DISMISSED**.

Luis Garcia appeals from the November 21, 2013 judgment of the United States District Court for the Eastern District of New York (Gleeson, *J.*), convicting him, after a jury trial, of conspiring to commit money laundering, in violation of 18 U.S.C. 1956(h), and sentencing him principally to 210 months' imprisonment. On appeal, Garcia contends that: (1) the district court abused its discretion in denying his motion for an adverse inference instruction; (2) his sentence was procedurally and substantively unreasonable; and (3) his right to effective legal representation was denied. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

*Adverse Inference Instruction*

On appeal, Garcia argues that the district court abused its discretion by declining to instruct the jury that it could draw an adverse inference from the government's destruction of surveillance recordings from a remote video camera trained on the exterior of Garcia's jewelry store. Government agents testified at trial that the camera provided a limited view of the front of Garcia's store, and was used to determine whether and when to conduct in-person surveillance of the location. According to the agents, the recordings were purged every few weeks, absent a determination to preserve the footage, due to storage-capacity limitations.

A district court's decision on a motion for discovery sanctions is subject to review for abuse of discretion. *Chin v. Port Auth. of N.Y. & N.J.*, 685 F.3d 135, 162 (2d Cir. 2012). "A district court abuses its discretion when [inter alia] it bases its ruling on an erroneous view of the law . . . ." *United States v. Vayner*, 769 F.3d 125, 129 (2d Cir. 2014). However, "[a]bsent a showing of prejudice, the jury's verdict should not be disturbed." *Chin*, 685 F.3d at 162 (internal quotation marks omitted).

"'A party seeking an adverse inference instruction based on the destruction of evidence must establish (1) that the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) that the records were destroyed with a culpable state of mind; and (3) that the destroyed evidence was relevant to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense.'" *Id.* (alteration omitted) (quoting *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 107 (2d Cir. 2002)).

Here, the district court may have erred by analyzing Garcia's request for an adverse inference instruction in terms of whether the government acted in bad faith in destroying the video footage. We have held that bad faith "need not be shown to justify an inference of spoliation," *Byrnie v. Town of Cromwell, Bd. of Educ.*, 243 F.3d 93, 109 (2d Cir. 2001), and that an adverse inference instruction "may be appropriate in some cases involving the negligent destruction of evidence," *Residential Funding*, 306 F.3d at 108 (noting that a district court fails to apply the proper legal standard where it analyzes only whether a party "acted in 'bad faith' or with 'gross negligence'").

2

However, even assuming that the district court thus erred, Garcia "has not met the required showing that the missing [evidence] be 'material in the sense that its suppression undermined confidence in the outcome of the trial.'" *United States v. Sommer*, 815 F.2d 15, 17 (2d Cir. 1987) (quoting *United States v. Bagley*, 473 U.S. 667, 678 (1985)). The destroyed video recordings held limited exculpatory weight given the remote camera's apparently obstructed view of the exterior of Garcia's shop and the government's concession that Garcia carried on legitimate business there. Considering the weight of the testimonial and documentary evidence offered by the government at trial that the video recording might show legitimate customers entering the shop is insufficient to undermine our confidence in the outcome of the trial. Accordingly, we will not disturb the jury's verdict.

While we find that the government here has borne "the heavy burden of demonstrating that no prejudice resulted to the defendant," we reiterate our prior admonition that we "look with an exceedingly jaundiced eye" upon the government's efforts to explain that the spoliation of evidence has occurred due to "department policy" or "established practice." *United States v. Bufalino*, 576 F.2d 446, 449 (2d Cir. 1978). There remains no "excuse for official ignorance regarding the mandate of the law." *Id.*

*Procedural and Substantive Reasonableness*

Garcia contends that his Sixth Amendment right to a jury trial was violated because the district court increased the base offense level under the United States Sentencing Guidelines ("Guidelines") on the basis of facts not determined by the jury. In addition, Garcia challenges the substantive reasonableness of his sentence.

We review district court sentencing decisions for both procedural and substantive errors under a "deferential abuse-of-discretion standard," *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (internal quotation marks omitted), which "incorporates *de novo* review of questions of law (including interpretation of the Guidelines) and clear-error review of questions of fact," *United States v. Legros*, 529 F.3d 470, 474 (2d Cir. 2008).

Contrary to Garcia's assertion, the application of a base offense level increase by the district court without jury findings does not violate *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Judicial factfinding that results in an offense level increase under the Guidelines, which are now advisory, *see United States v. Booker*, 543 U.S. 220 (2005), does not offend a defendant's Sixth Amendment right to jury trial, as the Guidelines do not alter statutory maximum or minimum penalties. *See Alleyne v. United States*, ⸺ U.S.⸺, 133 S.Ct. 2151, 2163 (2013) (holding that facts that increase mandatory minimum sentences must be submitted to the jury, but emphasizing that its ruling "does not mean that any fact that influences judicial discretion must be found by a jury"); *see also United States v. Singletary*, 458 F.3d 72, 80 (2d Cir. 2006) (noting that judicial factfinding at sentencing is "permissible—indeed, required—under an *advisory* Guidelines regime"). Here, the district court's 18-level increase to Garcia's base offense level under U.S.S.G. § 2S1.1 affected only the Guidelines recommendation and not the statutory sentencing range.

Garcia next asserts that the district court disregarded mitigating factors it was required to consider under 18 U.S.C. § 3553(a) and overstated the seriousness of the offense. In addition, Garcia challenges the reasonableness of the Guidelines sentencing calculation for money

laundering offenses. Although Garcia styles his challenge to the use of the fraud loss table, *see* U.S.S.G. § 2B1.1, to calculate the base offense level for money laundering as procedurally unreasonable, his challenge properly sounds in substantive reasonableness. *See United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009) (noting that review for substantive reasonableness "provide[s] a backstop for those few cases that, although procedurally correct, would nonetheless damage the administration of justice because the sentence imposed was shockingly high . . . or otherwise unsupportable as a matter of law").

In arguing substantive unreasonableness, Garcia "bears a heavy burden because our review of a sentence for substantive reasonableness is particularly deferential." *United States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir. 2012). We will set aside a district court's decision on the ground of substantive unreasonableness "only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *Cavera*, 550 F.3d at 189 (internal quotation marks omitted). "[W]e will not substitute our own judgment for the district court's on the question of what is sufficient to meet the § 3553(a) considerations in any particular case." *Id.*

The district court did not abuse its discretion in imposing the sentence here. In weighing the Section 3553(a) factors, the district court discussed Garcia's history and characteristics, noting that his prior cooperation, which apparently saved the lives of two government officials, was an "appropriate consideration." Where, as here, the district court considered this fact in imposing sentence, we will not second guess the weight it accorded this factor, "as long as the sentence ultimately imposed is reasonable in light of all the circumstances presented." *United States v. Fernandez*, 443 F.3d 19, 32 (2d Cir. 2006) (recognizing that the "weight to be afforded any given argument made pursuant to one of the Section 3553(a) factors is a matter firmly committed to the discretion of the sentencing judge"), *abrogated on other grounds by Rita v. United States*, 551 U.S. 338 (2007). Garcia's other contentions, that the lack of an identifiable victim mitigates the seriousness of his offense and that money laundering offenses are categorically less serious than fraud loss offenses lack merit, particularly, in light of Garcia's substantial participation in a conspiracy to launder approximately $6.5 million in service of international drug trafficking. We cannot conclude that Garcia's 210-month sentence—below the 235 to 240 month Guidelines range—falls outside the range of permissible decisions.

Accordingly, we find no procedural or substantive error.

*Ineffective Assistance of Counsel*

Finally, with respect to his ineffective assistance of counsel claim Garcia argues: (1) the district court's denial of his motion to adjourn trial gave rise to a per se violation of the Sixth Amendment; (2) his attorney's performance was ineffective under *Strickland v. Washington*, 466 U.S. 668 (1984); and (3) his attorney was burdened by an actual conflict of interest.

We decline to address Garcia's ineffective assistance of counsel claim in this appeal. "When faced with a claim for ineffective assistance of counsel on direct appeal," this Court may: "(1) decline to hear the claim, permitting the appellant to raise the issue . . . [in] . . . [a] habeas corpus [petition] . . . ; (2) remand the claim to the district court for necessary factfinding; or (3) decide the claim on the record before [the Court]." *United States v. Morris*, 350 F.3d 32, 39 (2d Cir. 2003). Given our "baseline aversion to resolving ineffectiveness claims on direct review,"

4

*id.* (internal quotation marks omitted), and the Supreme Court's stated preference that such claims be resolved in a habeas petition rather than on direct appeal, *Massaro v. United States*, 538 U.S. 500, 504 (2003), we dismiss Garcia's ineffective assistance of counsel claim without prejudice to its renewal in a timely habeas petition.

We have considered the remainder of Garcia's arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED and the defendant-appellant's claim of ineffective assistance of counsel is DISMISSED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk