21-1181-cr
United States v. Garcia

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of June, two thousand twenty-two.

PRESENT: ROSEMARY S. POOLER,
GERARD E. LYNCH,
RAYMOND J. LOHIER, JR.,
*Circuit Judges*.

------------------------------------------------------------------

UNITED STATES OF AMERICA,

*Appellee*,

v.                                                      No. 21-1181-cr

LUIS GARCIA, AKA LUCHO,

*Defendant-Appellant*.

------------------------------------------------------------------

FOR DEFENDANT-APPELLANT: MICHAEL O. HUESTON, Brooklyn, NY

FOR APPELLEE: DOUGLAS M. PRAVDA, Assistant United States Attorney (Kevin Trowel, Assistant United States Attorney, *on the brief*), *for* Breon Peace, United States Attorney for the Eastern District of New York, Brooklyn, NY

Appeal from an order of the United States District Court for the Eastern District of New York (Kiyo A. Matsumoto, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order of the District Court is AFFIRMED.

Luis Garcia appeals from an April 26, 2021 order of the District Court (Matsumoto, J.) denying his motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). In 2013 the District Court (Gleeson, J.) sentenced Garcia principally to 210 months in prison after a jury convicted him of conspiring to launder money in violation of 18 U.S.C. § 1956(h). On December 14, 2020, Garcia filed a pro se motion for compassionate release, later supplemented by counsel's submission, arguing that his sentence should be reduced because his age and medical conditions placed him at a higher risk of severe illness or death from

2

COVID-19, which he had already contracted once. Noting his commitment to rehabilitation, Garcia also argued that he would pose no danger to the community if released. The District Court (Matsumoto, J.) denied the motion. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

Under the relevant compassionate release provision, 18 U.S.C. § 3582(c)(1)(A), a district court may reduce a defendant's term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction," 18 U.S.C. § 3582(c)(1)(A)(i). Even if "extraordinary and compelling" circumstances exist, however, a district court may not reduce a defendant's sentence before "considering the factors set forth in section 3553(a) to the extent that they are applicable." Id. § 3582(c)(1)(A); see United States v. Jones, 17 F.4th 371, 374 (2d Cir. 2021). "We typically review the denial of a motion for a discretionary sentence reduction for abuse of discretion." United States v. Holloway, 956 F.3d 660, 664 (2d Cir. 2020).

In evaluating Garcia's motion, the District Court first concluded that he had not presented extraordinary and compelling reasons for release, noting that

3

neither his age nor his medical conditions placed him "at heightened risk of an adverse re-infection from COVID-19." United States v. Garcia, No. 09-CR-330, 2021 WL 1616914, at *4 (E.D.N.Y. Apr. 26, 2021). Even if Garcia could establish extraordinary and compelling reasons, the District Court held that the Section 3553(a) factors would nonetheless counsel against release. In support, the District Court cited Garcia's lengthy criminal history and the fact that he had been "an integral part of the narcotics trafficking of some of the most notorious and dangerous narcotics traffickers in the world." Id. at *6 (quotation marks omitted).

On appeal, Garcia contends that the District Court, in denying his motion, failed to account sufficiently for the dangers of COVID-19 reinfection or to acknowledge media reports regarding mismanagement of the virus at North Lake Correctional Facility, where he was detained. These factors, according to Garcia, constituted extraordinary and compelling reasons for release. We need not resolve this argument one way or the other. Even assuming that Garcia did provide extraordinary and compelling reasons for release, the District Court's reasonable evaluation of the Section 3553(a) factors provided an adequate and independent basis for its decision. See Jones, 17 F.4th at 374. For that reason, we

conclude that the District Court acted well within its discretion in denying his motion.

Next, Garcia maintains that the District Court did not adequately credit his efforts at rehabilitation. To the contrary, the District Court acknowledged Garcia's "commitment to rehabilitation," Garcia, 2021 WL 1616914, at *5, but concluded that his substantial criminal history, combined with the seriousness of his crime, counseled against release, see id. at *7. While we commend Garcia for his efforts at self-improvement, we decline to second-guess the District Court's weighing of the Section 3553(a) factors, which was firmly committed to its discretion. See United States v. Capanelli, 479 F.3d 163, 165 (2d Cir. 2007).

Finally, Garcia maintains that the District Court, in evaluating the Section 3553(a) factors, should have considered the severity of Garcia's original sentence and his responsibilities to his youngest son. But the District Court properly considered and rejected the argument that Garcia's sentence was unfair, noting that the sentencing judge had "carefully reviewed the relevant factors in § 3553(a) and imposed a below-Guidelines sentence after thorough consideration." Garcia, 2021 WL 1616914, at *6 n.6. And although the District Court did not explicitly discuss Garcia's parental responsibilities, we do not

require it to "address every argument the defendant has made." United States v. Rosa, 957 F.3d 113, 119 (2d Cir. 2020) (quotation marks omitted). Instead, where, as here, there is no "record evidence suggesting otherwise, we presume that the district court has faithfully discharged its duty to consider the § 3553(a) factors." United States v. Carr, 557 F.3d 93, 107 (2d Cir. 2009).

We have considered Garcia's remaining arguments and conclude that they are without merit.[1] For the foregoing reasons, the order of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[1] Garcia also challenges the District Court's decision as substantively unreasonable. But a defendant may not use a compassionate release motion to "second-guess[] . . . the sentence previously imposed." United States v. Keitt, 21 F.4th 67, 71 (2d Cir. 2021). And we already upheld Garcia's sentence as substantively reasonable on direct appeal. See United States v. Garcia, 596 F. App'x 24, 27–28 (2d Cir. 2015) (summary order).

6